DAVID M. MOECK, Esq. #201341
QUINLAN, KERSHAW & FANUCCHI
2125 Merced Street
Fresno, California 93721
Telephone: (559) 268-8771
Facsimile: (559) 268-5701
Email: david@qkffirm.com

Attorneys for Plaintiff, LUZ YESENIA PONCE

## UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ YESENIA PONCE,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>    Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES |

Plaintiff, Luz Yesenia Ponce, alleges as follows:

### FIRST CAUSE OF ACTION
### MEDICAL NEGLIGENCE

1. JURISDICTION: Jurisdiction is based upon 28 U.S.C. §§ 2671 et seq, as this is an action alleging negligence against Defendant, UNITED STATES OF AMERICA by its employees, agents and/or authorized representatives.

2. VENUE: Venue in this District is proper in accordance with 28 U.S.C. Section 1391(a) and 1391(c), in that the medical negligence at issue occurred in the Eastern District of California.

3. At all times herein mentioned, Plaintiff, Luz Yesenia Ponce, was a resident of Hanford, State of California.

4. Plaintiff is informed and believes that at all times herein mentioned or pertinent hereto, David Cryns, D.O., was a deemed employee of the Public Health System, and therefore an employee of Defendant, UNITED STATES OF AMERICA, and was acting within the course and scope of his employment at the time of the negligence alleged herein.

5. On or about March 18, 2020, Plaintiff complied with all claims filing requirements related to this claim. More than six months have passed since the filing of the claim and therefor the filing of the instant complaint complies with the Federal Tort Claims Act ("FTCA").

6. On or about April 27, 2018, Defendant, THE UNITED STATES OF AMERICA, by and through its employee, David Cryns, D.O., was negligent in the care and treatment of Plaintiff, Luz Yesinia Ponce in relation to a sterilization procedure and in particular by failing to treat Plaintiff's infection at the time of her surgery on April 27, 2018 which resulted in sepsis, and failing to timely identify a perforated bowel occurring during the surgery. The conduct of David Cryns, D.O. fell below the requisite standard of care and resulted in damage to Plaintiff as hereinafter alleged.

7. As a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff sustained severe and serious injury to her person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

8.  By reason of the foregoing, Plaintiff has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services and Plaintiff has been compelled to incur expenses for ambulance service, x-rays and other medical supplies and services. Plaintiff is informed and believes, and thereon alleges, that further services of said nature will be required by Plaintiff in an amount to be shown according to proof.

9.  As a further actual, proximate and legal result of the incident as alleged, Plaintiff has sustained general damage, pain, suffering, anxiety, shock and distress in an amount to be shown according to proof.

WHEREFORE, Plaintiff pray judgment against Defendant, as follows:

1.  For economic damages as will be shown according to proof;
2.  For non-economic damages as will be shown according to proof;
3.  For costs of suit;
4.  For prejudgment interest; and
5.  For such other and further relief as the Court may deem proper.

Dated: March 3, 2021.                              QUINLAN, KERSHAW & FANUCCHI, LLP

                                                   _____
                                                   DAVID M. MOECK
                                                   Attorneys for Plaintiff, LUZ YESENIA PONCE