PHILLIP A. TALBERT
Acting United States Attorney
BRODIE M. BUTLAND
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000

Attorneys for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ YESENIA PONCE,<br><br>                Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | CASE NO. 1:21-CV-00396-NONE-SKO<br><br>ANSWER BY DEFENDANT UNITED STATES OF AMERICA |

      Now comes Defendant UNITED STATES OF AMERICA, and for its response to Plaintiff Luz Ponce's Complaint states as follows:

      1.      Paragraph 1 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction only to the extent that plaintiff asserts that she has been injured due to Dr. David Cryns's performance of medical, surgical, dental, or related functions, within the scope of his employment, in the course of treating her, but denies that the identified statutes are the jurisdictional basis.

      2.      Paragraph 2 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue in this Court is proper but denies that any medical negligence occurred, and denies the remaining allegations of this paragraph.

      3.      Defendant denies the allegations of paragraph 3 of the Complaint for lack of knowledge sufficient to form a belief as to their truth.

      4.      In response to paragraph 4 of the Complaint, Defendant admits that Dr. David Cryns,

D.O., is a deemed employee under 28 U.S.C. § 233 and that he acted within the scope of his employment with respect to the claim asserted in plaintiff's Complaint. Defendant denies that Dr. Cryns is an employee of the United States, denies that he acted negligently, and denies the remaining allegations of this paragraph.

5. Defendant admits the allegations of paragraph 5 of the Complaint.

6. Defendant denies the allegations of paragraph 6 of the Complaint.

7. Defendant denies the allegations of paragraph 7 of the Complaint.

8. Defendant denies the allegations of paragraph 8 of the Complaint.

9. Defendant denies the allegations of paragraph 9 of the Complaint.

10. Defendant controverts plaintiff's prayer for relief.

11. Defendant denies all allegations not expressly admitted herein.

12. Defendant reserves the right to supplement its Answer to the extent that additional information becomes available.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Dr. Cryns did not act negligently in his treatment of plaintiff, and all medical decisions he made and actions he took in connection with his treatment of her met the applicable standard of care.

3. Plaintiff was advised and fully informed of the risks associated with all procedures performed by Dr. Cryns and deliberately chose to assume those risks, and therefore she cannot recover any damages caused by her assumption of the risk of injury.

4. Plaintiff's damages, if any, were caused in whole or in part by intervening or superseding causes and/or the acts of third parties, and thus Defendant has no liability or its liability, if any, must be reduced according to comparative negligence principles.

5. To the extent that any of plaintiff's claims were not the subject of an administrative tort claim, the Court lacks jurisdiction over those claims. 28 U.S.C. § 2675(a).

6. Attorney's fees are deducted from any judgment or settlement and are governed by 28 U.S.C. § 2678.

7. Plaintiff's request for prejudgment interest is jurisdictionally barred.

8. Plaintiff's damages are jurisdictionally limited to the amounts set forth in her administrative claim. *See* 28 U.S.C. § 2675(b).

9. Plaintiff's recovery of damages is subject to limitations imposed under California law, including without limitation the limit on noneconomic damages specified in the Medical Injury Compensation Reform Act. *See, e.g.*, Cal. Civil Code § 3333.2.

10. Plaintiff's economic damages, if any, are limited to the amount accepted by the medical providers as full payment for services, whether payment was made by plaintiff or by a third party.

11. Plaintiff's economic damages, if any, must be reduced by amounts paid by any federal, state, or private entity. *See* Cal. Civ. Code § 3333.1.

12. Any recovery or other amounts awarded to plaintiff must be offset by any benefits paid to her by the United States or any state or local agency that receives funds from the United States.

13. Any recovery or award made against the United States must be reduced by the percentage of fault of any third party.

14. Plaintiff's damages, if any, must be reduced by the amount of any settlements with other potentially liable third parties.

15. Any recovery by plaintiff is subject to the availability of appropriated funds. 42 U.S.C. § 233(k).

16. Defendant reserves the right to add any additional affirmative defenses as discovery progresses in this case.

Respectfully submitted,

Dated: July 19, 2021

PHILLIP A. TALBERT
Assistant United States Attorney

By: /s/ BRODIE M. BUTLAND
BRODIE M. BUTLAND
Assistant United States Attorney

ANSWER OF THE UNITED STATES OF AMERICA

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2021, a copy of the foregoing was electronically served on all counsel of record by operation of this Court's CM/ECF electronic filing system.

Dated: July 19, 2021

PHILLIP A. TALBERT
Acting United States Attorney

By: /s/ BRODIE M. BUTLAND

BRODIE M. BUTLAND
Assistant United States Attorney

ANSWER OF THE UNITED STATES OF AMERICA

4